**Robert G. WADLEY, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 03–3261.

United States Court of Appeals, Federal Circuit.

DECIDED: May 10, 2004.

Kenneth D. Woodrow, Principal Attorney, Bryant G. Snee, David M. Cohen, of Counsel, Washington, DC, for Respondent.

Robert G. Wadley, Oxford, MS, pro se.

Before MAYER, Chief Judge, NEWMAN and GAJARSA, Circuit Judges.

PER CURIAM.

Robert G. Wadley seeks review of the decision of the Merit Systems Protection Board dismissing his appeal as settled. *Wadley v. Dep't of the Army*, No. AT–0752–01–0186–B–2 (M.S.P.B. Apr. 19, 2002). Because substantial evidence supports the administrative judge's findings that Wadley's representative had settlement authority, we *affirm*.

We must affirm the final decision of the board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Where the board's decision rests on findings of fact, those findings must be supported by substantial evidence. *Id.* Our precedent makes clear that "an oral settlement agreement is binding on the parties, particularly when the terms are memorialized into the record," even if an employee later refuses to sign the written agreement. *Ti-*burzi v. Dep't of Justice, 269 F.3d 1346, 1351 (Fed.Cir.2001).

Wadley's representative entered into an oral agreement that was memorialized in the record. The representative submitted an affidavit claiming that he was authorized to enter into the settlement agreement and that Wadley revoked such authority only after the agreement had been executed. Wadley claims, however, that his representative acted without authority. "It is well established that a litigant is bound by the authorized actions of his representative." *Amin v. Merit Sys. Protection Bd.*, 951 F.2d 1247, 1254 (Fed. Cir.1991) (citations omitted). Further, a representative "retained for litigation purposes is presumed to possess express authority to enter into a settlement agreement on behalf of the client, and the client bears the burden of rebutting this presumption with affirmative proof that the attorney lacked settlement authority." *Id.*

Wadley also alleges that the board erred by refusing to hear four of his eight witnesses, by refusing to grant an extension of time, and by improperly allowing the admission of hearsay evidence. He has failed to prove that the board has abused its discretion in these procedural and evidentiary matters. *See Spezzaferro v. Fed. Aviation Admin.*, 807 F.2d 169, 173 (Fed.Cir.1986). The administrative judge determined that the four witnesses not permitted to testify had no relevant information, and Wadley does not offer any substantial arguments to the contrary. The board's determination that Wadley should not be granted additional time because he had seven months to prepare his case is also not an abuse of discretion. Further, "[i]t is well established that hearsay evidence may be substantial evidence in an administrative proceeding if there are circumstances which give it credibility and probative value to a reasonable mind."

*Sanders v. United States Postal Service,* 801 F.2d 1328, 1331 (Fed.Cir.1986) (citing *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Accordingly, the administrative judge did err by giving more weight to the affidavit from Wadley's former representative, than to Wadley's live testimony.